UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HALLMARK CARE SERVICES, INC., et al.,<br><br>              Plaintiffs,<br><br>   vs.<br><br>SUPERIOR COURT OF STATE OF WASHINGTON FOR SPOKANE COUNTY; SPOKANE COUNTY,<br><br>              Defendants. | NO. 2:17-CV-00129-JLQ<br><br>ORDER RE: MOTION TO DISMISS AND ROOKER-FELDMAN DOCTRINE |

The court held a telephonic conference on June 8, 2017, at the time set for the Rule 16 Scheduling Conference. John Pierce appeared for Plaintiffs. Paul Kirkpatrick appeared on behalf of Defendants. Defendants on May 19, 2017, filed two motions: a Motion to Dismiss (ECF No. 11) and a Motion for Protective Order (ECF No. 13). Pursuant to Local Rule 7.1, Plaintiffs' response to the Motion to Dismiss would be due June 9, 2017, and the response to the Motion for Protective Order was due June 2, 2017.

The Motion to Dismiss did not raise the issue of application of the *Rooker-Feldman* doctrine, but the court raised it *sua sponte* at the June 8, 2017 hearing. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Under *Rooker-Feldman*, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

ORDER - 1

The doctrine takes its name from two Supreme Court decisions: *Rooker v. Fidelity Trust*, 263 U.S. 413 (1923) and *District of Columbia v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit has explained the doctrine as follows:

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or there is diversity of citizenship between the parties.

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).

The Motion to Dismiss states in relevant part that the Washington Court of Appeals entered an order holding: "Plaintiffs had no standing to assert their claims because they did not have a proprietary, pecuniary, or personal right in the continued guardianships. Finding that result unsatisfactory, Plaintiffs then brought the instant action in federal court." (ECF No. 11, p. 2). This framing of the issue by Defendants, raises the issue of whether this is de facto appeal to federal court, which is precluded by *Rooker-Feldman*.

As the parties have not briefed the issue, the court will allow both sides additional time to file response and reply briefs, addressing the issues raised in the Motion to Dismiss and the *Rooker-Feldman* doctrine. In addition to the cases cited *supra*, the court also directed the parties to *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) during the telephonic hearing.

The Motion for Protective Order (ECF No. 13) requests the court stay discovery until the Motion to Dismiss is resolved. Plaintiffs have not opposed the Motion, and the 14-days for doing so has expired. LR 7.1(b). The court may construe the failure to timely respond as consent to the Motion. LR 7.1(d). Additionally, the parties jointly proposed Fed.R.Civ.P. 26(a)(1) initial disclosures be delayed until July 30, 2017. (ECF No. 9, p. 3). For these reasons, and due to the issue raised concerning subject matter jurisdiction, the court will stay discovery.

ORDER - 2

**IT IS HEREBY ORDERED:**

1. The Motion for Protective Order (ECF No. 13) is **GRANTED**. All discovery is stayed until the court issues its decision on the pending Motion to Dismiss.

2. Plaintiffs shall file a Response to the Motion to Dismiss, which also addresses subject-matter jurisdiction and the *Rooker-Feldman* doctrine, by no later than **June 16, 2017**.

3. Defendants shall file a Reply, which addresses the *Rooker-Feldman* doctrine, by no later than **June 30, 2017**.

4. The Motion to Dismiss was noted for hearing without oral argument, and will be deemed submitted on the briefs on July 10, 2017.

**IT IS SO ORDERED.** The Clerk shall enter this Order and furnish copies to counsel.

Dated this 8th day of June, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3