FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

HALLMARK CARE SERVICES, INC., et al.,

　　　　Plaintiffs,

　　v.

SUPERIOR COURT OF STATE OF WASHINGTON FOR SPOKANE COUNTY; SPOKANE COUNTY,

　　　　Defendants.

NO. 2:17-CV-00129-JLQ

MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE ORDER DISMISSING ACTION AND MOTION FOR SANCTIONS

BEFORE THE COURT is the Plaintiffs' Motion to Vacate Order Dismissing Action, (ECF No. 39), and Defendants' Motion for Sanctions, (ECF No. 46). This Order memorializes the court's ruling on the Motions.

## I. Introduction

On July 27, 2017, this court issued an Order granting Defendants' Motion to Dismiss for Failure to State a Claim and denying Defendants' Motion for CR 11 Sanctions. (ECF No. 25). In granting Defendants' Motion to Dismiss, the court made two specific determinations: (1) the court did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine, (ECF No. 25 at 8-10), and (2) Defendants were entitled to judicial immunity, (ECF No. 25 at 10-13). Plaintiffs appealed the dismissal of this case to the Ninth Circuit Court of Appeals, (ECF No. 29), and Defendants cross-appealed the denial of the motion for

ORDER - 1

sanctions, (ECF No. 33). The court has reviewed the docket of the Ninth Circuit Court of Appeals, and no dispositive order has been entered on either appeal. *See* 17-35678, 17-35717 (9th Cir.).

On January 28, 2019, Plaintiffs filed the Motion to Vacate the Order Dismissing the Action under Fed. R. Civ. P. 60. (ECF No. 39). Plaintiffs allege Defendants misrepresented the status of the state court claims by asserting that the state court claims were dismissed and no appeal had been taken. (ECF No. 39 at 4). Plaintiffs argue that the appeal actually continued, and this rendered the *Rooker-Feldman* doctrine inapplicable because the state court case was not final at the time of this court's Order. (ECF No. 39 at 9-10). Plaintiffs request that the Order be reversed in full or in part, leaving the court's ruling regarding judicial immunity to be argued before the Ninth Circuit Court of Appeals. Plaintiffs make no argument that the court's judicial immunity determination should be vacated under Rule 60(b).

Defendants allege that no misrepresentation occurred and that any appeal of the state court claims did not render the *Rooker-Feldman* doctrine inapplicable. (ECF No. 42). Defendants also filed a Motion for Sanctions. (ECF No. 46). The Motion to Vacate and Motion for Sanctions were submitted for decision without oral argument.

## II. Recent State Court Activity

This court summarized the state court actions in the Memorandum Opinion and Order Re: Motion to Dismiss and Motion for CR 11 Sanctions filed on July 27, 2017. (ECF No. 25). Since the Order was filed, litigation has continued within the state court system. *See* No. 33356-6 (Wash. Ct. App. Div. III).

On October 18, 2018, the Court of Appeals of the State of Washington Division III entered an opinion reversing the money judgments. (ECF No. 40 at 23-47). According to that order, Plaintiffs were allowed to challenge the assessment of Guardian ad Litem (GAL) fees, but not the orders removing them as guardians. *Id*.

On November 19, 2018, Plaintiffs filed a Petition for Review with the Washington Supreme Court (ECF No. 40 at 49-77). A review of the online docket of that court shows an Order terminating Review was filed on April 3, 2019. *See* No. 96535-8 (Wash. Sup. Ct.).

### III. Discussion

**A.    Motion to Vacate**

Fed. R. Civ. P. 60(b) allows a party to seek relief from a final judgment and request the case be reopened under six circumstances: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, release, or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief. A motion to request relief under the first three circumstances must be brought within one year after the entry of the judgment. FED. R. CIV. P. 60(c)(1).

Plaintiffs admit relief under the first three circumstances is time-bared, but assert Fed. R. Civ. P. 60(b)(5) is applicable as the prospective application of the order is no longer equitable. ECF No. 39 at 9. Later, in Reply briefing, Plaintiffs allege Fed. R. Civ. P. 60(b)(6) provides the means for their requested relief. (ECF No. 45 at 3).

**1.    Fed. R. Civ. P. 60(b)(5) Claim**

Fed. R. Civ. P. 60(b)(5) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Plaintiffs allege that applying the court's July 2017 Order prospectively is no longer equitable because the *Rooker-Feldman* doctrine does not apply when a decision by the state court is not final and still subject to appeal within the state court system. (ECF No. 39 at 8-9).

The Ninth Circuit has held that appeals in state court do not need to be exhausted for the *Rooker-Feldman* doctrine to apply. *Worldwide Church of God v. McNair*, 805 F.2d 888,

ORDER - 3

893 n. 3 (9th Cir. 1986) (Agreeing with the Second and Fifth Circuits that "the *Feldman* doctrine should apply to state judgments even though state court appeals are not final."). Likewise, Plaintiffs argue that because the state court decision is not yet appealable to the United States Supreme Court, the *Rooker-Feldman* doctrine cannot apply. (ECF No. 39 at 9). However, "the *Rooker-Feldman* doctrine is not premised on the availability of Supreme Court review of the state court decision," instead "[t]he purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)**.** The fact an appeal was taken within the state court does not preclude the application of the *Rooker-Feldman* doctrine. Plaintiffs' motion under Fed. R. Civ. P. 60(b)(5) is Denied.

### 2. Fed. R. Civ. P. 60(b)(6) Claim

Fed. R. Civ. P. 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [for] . . . Any other reason that justifies relief." Relief from a judgment under Rule 60(b)(6) is appropriate where "extraordinary circumstances prevented [Plaintiffs] from taking timely action to prevent or correct an erroneous judgement." *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9thCir. 1997) (*citations omitted).*

Plaintiffs have provided no such "extraordinary circumstances" in this case. They allege a misrepresentation to the court by Defendants' counsel. (ECF No. 45 at 2-3). Plaintiffs failed to cite to any assertion by Defendants' counsel that the time for the state court decision appeal had elapsed in their Motion and Reply briefing. (ECF No. 39, 45). In the Response to Defendants' Motion for Sanctions, Plaintiffs point to Defendants' May 19, 2017 Motion to Dismiss in which Defendants argued that the claims should be dismissed "under the doctrine of res judicata." (ECF No. 47 *citing* ECF No. 11 at 8.) Plaintiffs assert that by Defendants arguing preclusion under res judicata, they were asserting that the state court claims were final and all appeals had been exhausted. (ECF No. 47 at 6).

ORDER - 4

Plaintiffs' argument fails for two reasons. First, arguing a legal theory of res judicata does not equate to misrepresenting the facts of a case. Federal courts have repeatedly expressed difficulty in deciphering between the *Rooker-Feldman* doctrine and res judicata or preclusion. *See Noel v. Hall*, 341 F.3d 1148,1162-63 (9th Cir. 2013) (citing *Brokaw v. Weaver*, 305 F.3d 660, 664-65 (7th Cir. 2002); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998); *Bates v. Jones*, 131 F.3d 843, 863 (9th Cir. 1997); *Harris v. N.Y. State Dep't of Health*, 202 F. Supp.2d 143, 159 n. 2 (S.D.N.Y. 2002); *Zealy v. City of Waukesha*, 153 F.Supp.2d 970, 980 (E.D. Wis. 2001)). Therefore, the court will not find a misapplied legal theory as a misrepresentation of the facts, especially when the two theories being addressed are difficult to distinguish.

Second, the court did not base its July 2017 Memorandum Opinion and Order Re: Motion to Dismiss and Motion for CR 11 Sanctions on the legal theory of res judicata. It granted Defendants' Motion to Dismiss based on the *Rooker-Feldman* doctrine, ECF No. 25,which is separate and unique from res judicata. "Preclusion [or res judicata] in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires the federal court to give the judgment the same effect as the rendering state would." *Noel*, 341 F.3d at 1164 (quoting *GASH Associates v. Village of Rosemont*, 995 F.2d 726-728-29 (7th Cir. 1993)). The *Rooker-Feldman* doctrine bars subject matter jurisdiction "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgement based on that decision." *Id*. at 1164. The difference between the two theories is (1) the injury and (2) who caused the injury. A federal claim barred by res judicata is based on a prior injury that a state court allegedly failed to remedy. *Id*. At 1165. A federal claim barred by the *Rooker-Feldman* doctrine alleges that a new injury was caused by the state court's judgment. *Id*. At the court's request, the parties provided supplemental briefing addressing the *Rooker-Feldman* doctrine. (ECF Nos. 16, 17, 20). In applying the *Rooker-Feldman* doctrine, the court did not rely on

Defendants' assertions associated with the res judicata argument made in the Motion to Dismiss.

Furthermore, the court acknowledged the potential for an appeal within the state court system in the order dismissing the action, (ECF No. 25 at 9) ("To the extent that the time to seek modification of the Washington Supreme Court's order has not passed, the fact the appeal may be technically ongoing does not prevent application of *Rooker-Feldman*."). The Plaintiffs' motion under Fed. R. Civ. P. 60(b)(6) is Denied.

## B. Motion for Sanctions

Defendants have filed a Motion for Sanctions under Fed. R. Civ. P. 11. (ECF No. 46.) Fed. R. Civ. P. 11(b) provides that by presenting a motion to the court, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances is not being presented for improper purposes, is nonfrivolous, the factual contentions have evidentiary support, and the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(c) allows the court to impose appropriate sanctions on any attorney, law firm, or party that violated Fed. R. Civ. P. 11(b). The Ninth Circuit has established that sanctions should be imposed on the signer of a paper that is either (1) filed for an improper purpose, or (2) is frivolous. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (citing *Zaldivar v. City of Las Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

Defendants argue that Plaintiffs' Motion to Vacate was frivolous and cite the two-prong test established by *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002). ECF No. 46 at 4. However, *Christian* applies to evaluating whether a complaint is frivolous. 286 F.3d at 1127. Here, Plaintiffs filed the Motion to Vacate.

Arguably, Plaintiffs' failure to provide any citation to the record in support of their assertion that Defendants misrepresented the facts amounts to failing to conduct a reasonable

and complete inquire before signing and filing the motion. However, Plaintiffs' Response to the Defendants' Motion for Sanctions makes it evident that Plaintiffs confused the legal theory of res judicata with the *Rooker-Feldman* doctrine. *See supra*. The Ninth Circuit, as well as other federal courts of appeal, have recognized the difficulty of deciphering the difference between the two legal theories. This court will not sanction Plaintiffs for misapplying the legal theory that other federal courts have also struggled to grasp. Defendants' Motion for Sanctions (ECF No. 46) is Denied.

## IV. Conclusion

Plaintiffs' have failed to establish just terms that allow for relief under Fed. R. Civ. P. 60(b). Plaintiffs' arguments against the application of the *Rooker-Feldman* doctrine are unavailing. While the court finds denial of Plaintiffs' motion appropriate, the court does not find that it was frivolous or baseless. Accordingly, the Motion for Relief from the Memorandum Opinion and Order Re: Motion to Dismiss filed on 07/27/17 is denied and the Motion for Sanctions is denied.

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Relief from the Memorandum Opinion and Order Re: Motion to Dismiss Filed on 07/27/17 (ECF No. 39) is **DENIED** as set forth herein.

2. Defendants' Motion for Sanctions (ECF No. 46) is **DENIED.**

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and Judgment, and furnish copies to counsel.

**DATED** this 16th day of April, 2019.


s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE